UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NEHOMAR ALEJANDRO
HERNANDEZ SEQUERA,

Petitioner,

v. Case No. 3:26-cv-1590-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY and
U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Nehomar Alejandro Hernandez Sequera, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on June 17, 2026. Sequera, a citizen of Venezuela, was paroled into the United States on September 4, 2024. Doc. 6-1 at 9. On May 19, 2026, United States Immigration and Customs Enforcement (ICE) detained Sequera following a traffic stop. Id. The crux of Sequera's Petition is that he is not

subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1] See Doc. 1 at 6–7. As relief, he seeks, inter alia, immediate release. Id. at 7.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Sequera, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Sequera was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Sequera's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of

---

[1] The Federal Respondents understand the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 6. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

this Order, Respondents shall either afford Sequera an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Sequera, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 4) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/6
c:
Nehomar Alejandro Hernandez Sequera, #244742274
Counsel of Record